### INNOCENT PURCHASER OF STOLEN MUNICIPAL BONDS ACQUIRES GOOD TITLE.

Common Pleas Court of Hamilton County.

### THE PLEASANTVILLE BANK V. CAROLINE COX, ADMINISTRATRIX OF THE ESTATE OF GEORGE B. COX.

Decided July 7, 1927.

*Negotiable Instruments—Municipal Bonds Payable to Bearer Negotiable By Delivery—Innocent Purchaser for Value Acquires Good Title Though Bonds Were Stolen—Legality of Issue Not Affected By Failure to Name Payee.*

1. Municipal bonds payable to bearer are negotiable by delivery.
2. Municipal bonds payable to A or bearer, the coupons being payable to bearer, are also negotiable by delivery.
3. By an exception to the common law rule, an innocent purchaser for value of such bonds acquires a good title notwithstanding the fact that the bonds had been stolen.
4. The legality of municipal bonds is not affected by the failure of the ordinance authorizing their issue to name a payee, or by the fact that they were issued payable to "John A. Alburn or bearer."

*J. T. Harrison,* for plaintiff.
*S. I. Lipp,* for defendant.

DARBY, J.

This is an action in replevin. The plaintiff seeks to recover possession of two one thousand dollar City Hall Bonds of the city of Cleveland, now in the possession of the defendant.

The facts are not in dispute: They are, that in February, 1919, the plaintiff was the owner of the bonds in question; that during that month there was a burglary of the bank, and the bonds were stolen. After passing through the hands of various brokers and banks, the defendant purchased the bonds in the open market, from a bond and stock broker in this city. The purchase was made by the defendant some nine or ten months after the theft.

The ordinance under which the bonds were issued does not recite who shall be payee. The bonds, two million dollars in the aggregate, are made payable "to John A. Alburn, or bearer." The coupons are made payable "to bearer."

It is conceded that a bond payable to bearer is negotiable by delivery.

As to negotiable instruments, the law seems to be that an instrument payable to A or bearer is negotiable by delivery.

The general rule applicable in cases such as this is stated and amply supported by authorities, in an annotation to *Pratt* v. *Higginson et al.*, 1 A. L. R. Ann., 714, on p. 717 as follows:

"1.   *General Rule.*   At common law, one who purchases property which has been stolen acquires no title thereto unless he purchases it at a public sale or what is termed 'market overt.' An exception to this rule is made as to negotiable paper, and this is the rule obtaining at the present time. Bonds having a legal inception, and payable to bearer, or blank as to payee, or payable to order and endorsed in blank, are negotiable paper, and the courts are agreed that the purchaser of such bonds, though they have been stolen, acquires a good title thereto as against the true owner, provided he purchased in good faith and for a valuable consideration."

The evidence in the case shows that the bonds in ques-

tion were purchased in good faith and for full value, and in the open market.

The plaintiff, however, claims that under the rule which requires that the bonds shall have a legal inception, it is entitled to recover notwithstanding the general rule above stated.

There is no question raised as to the power of the municipality to issue the bonds, nor as to the regularity of the proceedings of the municipality in issuing them. It is claimed, however, that inasmuch as the ordinance did not name a payee, the fact that the bonds were issued payable to A or bearer, in some way or other affects the legality of the inception of the bonds.

Cases of lack of legal inception have been called to the attention of the court, and they present such questions as where the bonds were stolen before they were issued by the municipal authorities; *Bank* v. *Bridge*, 73 Hun., 590; and so also, where bonds were payable at several places and where required to be endorsed as to the place of payment, failure to make such endorsement prevented legal inception; *Parsons* v. *Jackson*, 99 U. S., 434; and so also, where bonds were required upon their face to be signed by a particular person, and that was omitted, the same rule was held; *Mass* v. *M. T. & K. R. Co.*, 83 N. Y., 823; and so also, bonds after they have been surrendered and retired, although not destroyed, they are within the rule stated.

The difference between such cases and the case at bar is very evident. Here, the bonds were negotiable without endorsement. Their validity was in no way affected by the insertion of the name of a person not authorized to be inserted by the ordinance. The bonds therefore had legal inception and the general rule above stated must be held to apply.

Judgment for defendant.